## CIRCUIT COURT OF AMHERST COUNTY

Alex McConnell
and Eleanor Lovada Seawell

v.

Charles Thomas Ware, Jr.

October 3, 2013

Case No. CL09007486

By JUDGE J. MICHAEL GAMBLE

I am writing to rule on the plea in bar of the defendant. In this regard, the claim of Eleanor Lovada Seawell is barred by res judicata claim preclusion under Rule 1:6. The claim of Alex McConnell is barred by res judicata claim preclusion under Rule 1:6 because he is in privity with Eleanor Lovada Seawell. Accordingly, pursuant to the plea in bar, this action is dismissed.

On September 13, 2007, Eleanor Lovada Seawell, as sole plaintiff, filed her complaint against Charles Thomas Ware in Case No. CL07006857. The allegations in that case were almost exactly the same allegations as in the instant case. By agreed order dated November 19, 2008, Eleanor Lovada Seawell was granted judgment in the amount of $35,000,00 against the defendant, Charles Thomas Ware. Rule 1:6 provides that a party whose claim for relief is decided on the merits by a final judgment is forever barred from prosecuting any subsequent action based upon the same conduct, transaction, or occurrence. Under the allegations in this case, the action of Eleanor Lovada Seawell is barred.

Alex McConnell was not a party to the September 13, 2007, lawsuit. The evidence at the plea in bar hearing established that Ms. Seawell purchased a manufactured home in 2006 or 2007. Alex McConnell paid nothing for this home. However, he allowed Ms. Seawell to place the home on his property, 21 acres. The wheels were taken off the home, and a foundation was placed under the home. However, Ms. Seawell could not testify that the motor vehicle title to the mobile home was returned to the Department of Motor Vehicles and cancelled as provided in Va. Code § 46.2-653. Alex McConnell acknowledged that he would have allowed Ms. Seawell to move the manufactured home off his property.

The question in this proceeding is whether Alex McConnell was in sufficient privity with Eleanor Seawell so that he is also precluded under Rule 1:6. Under Rule 1:6(d), a party subject to res judicata claim preclusion includes those in privity to any named party. Thus, the issue is whether Alex McConnell was in privity to Eleanor Seawell at the time of the judgment in the earlier case filed on September 13, 2007.

Privity is determined on a case-by-case basis, and, for purposes of res judicata, the question is whether a party's interest is so identical with another that representation by one party is representation of the other's legal right. *State Water Control Bd. v. Smithfield Foods, Inc.*, 261 Va. 209, 214, 542 S.E.2d 766, 770 (2001). The purpose of the law of privity is to prevent parties from "claim splitting" or bringing successive suits on the same cause of action where each suit only addresses part of the claim. *Davis v. Marshall Homes, Inc.*, 265 Va. 159, 164, 576 S.E.2d 504, 506 (2003).

In the instant case, I find that the claim of Alex McConnell is identical to the claim of Eleanor Seawell. Mr. McConnell makes no claim to the manufactured home. In fact, he will allow her to move the home. Ms. Seawell has not relinquished the motor vehicle title to the home. Accordingly, even if title to the home can be transferred with the real estate as provided in § 46.2-653, she still has an equitable interest under the motor vehicle title that has not been relinquished. Therefore, she has at least an equitable co-ownership of the manufactured home with Mr. McConnell. Accordingly, the privity of Mr. McConnell with Ms. Seawell precludes his claim under Rule 1:6.